UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
┌──────────────────────────┐
│  F I L E D               │
│   NOV 2 9 2012           │
│ CLERK, U.S. DISTRICT COURT│
│      RICHMOND, VA         │
└──────────────────────────┘
```

SUNTRUST MORTGAGE, INC.,      )
                              )
    Plaintiff,            )
                              )
v.                            )    Civil Action No. 3:12CV496-JRS
                              )
TAYLOR MORRISON HOME          )
FUNDING, LLC,                 )
                              )
    Defendant.            )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Taylor Morrison Home Funding, LLC ("Taylor Morrison") (ECF No. 5).  The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court, and argument would not aid in the decisional process.  E.D. Va. Loc. Civ. R. 7(J).  For the reasons discussed below, the Motion is DENIED.

### I.    Background

On September 19, 2001, SunTrust Mortgage, Inc. ("SunTrust") and Taylor Morrison entered into an agreement ("Agreement") in which Taylor Morrison agreed to originate, process, and broker home mortgage loans to SunTrust.  In Paragraph 9 of the Agreement, Taylor Morrison warranted that the loan application materials were based on "genuine, complete and accurate" information and that no fraudulent or misleading

information was provided to SunTrust in connection with the mortgage loans. (Compl. Ex. 1 ¶ 9.5, ECF No. 1.) Pursuant to paragraph 15 of the Agreement, Taylor Morrison agreed to indemnify SunTrust for losses arising from a breach, misrepresentation, or omission made in connection with the loans. (*See* Compl. Ex. 1 ¶ 15, ECF No. 1.) Upon Taylor Morrison's submission of loan application materials as required, SunTrust also agreed to underwrite the loan applications and to decide in its sole discretion whether each loan was to be approved. (Compl. Ex. 1 ¶ 4.4, ECF No. 1.) Taylor Morrison reaffirmed its representations and warranties in an Addendum entered into on December 19, 2007, and included a provision further indemnifying SunTrust for losses resulting from a breach of the Addendum. (*See* Compl. Ex. 1 Table Funding Addendum, ECF No. 1.) The parties amended the Agreement on or around May 28, 2008 to allow SunTrust to seek recapture of the premiums paid to Taylor Morrison in circumstances where a loan is paid in full within 180 calendar days of the closing. (Compl. Ex. 2, ECF No. 1.)

SunTrust filed its Complaint on July 9, 2012 alleging breach of contract. In Count One, SunTrust alleges that Taylor Morrison breached Paragraphs 9 and 15 of the Agreement by failing to indemnify SunTrust for losses suffered with respect to twenty-one (21) loans[1] that contained incomplete, misleading, or false information, as reported to SunTrust by the Federal National Mortgage Association ("Fannie Mae"). In Count Two, SunTrust alleges that Taylor Morrison breached the premium recapture provision of the amended Agreement by failing to pay as requested premiums paid on eight (8) loans.

---

[1] Although Count One identifies loans to sixteen (16) borrowers, some of these borrowers received multiple home mortgage loans. (*See* Compl., ECF No. 1.)

Taylor Morrison filed the present Motion to Dismiss on September 10, 2012. With respect to Count One, Taylor Morrison first argues that the language of Paragraphs 9 and 15 requires a broker to be aware of any fraudulent information in the loan application materials at the time that the materials are submitted in order for a breach to occur, and that without an allegation of Taylor Morrison's awareness, SunTrust has failed to state a claim for breach of contract.  Taylor Morrison also contends that dismissal is warranted because the Agreement does not indemnify SunTrust against its own negligence in underwriting and approving the loans.  Taylor Morrison further argues that it is exempted under a provision of the Agreement excusing the parties from liability resulting from acts that are beyond the reasonable control of the parties, an exemption which Taylor Morrison claims includes borrower fraud.   Lastly, Taylor Morrison argues that SunTrust's indemnification claims are barred by the five-year Virginia statute of limitations for actions to enforce a written contract.  Although the Motion is presented as a Motion to Dismiss the entire Complaint, Taylor Morrison makes no argument regarding Count Two.  SunTrust has responded to the Motion, and Taylor Morrison has replied in turn.  Therefore, this matter is ripe for review.

## II.     Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it.  Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the

3

complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999);

*Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in

addition to any provable facts consistent with those allegations, *Hishon v. King &*

*Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to

the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  The Court may

consider the complaint, its attachments, and documents "attached to the motion to

dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for*

*Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations

sufficient to provide the defendant with "notice of what the . . . claim is and the grounds

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8(a)(2) requires the complaint to allege

facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must

be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at

545; *see id.* at 555 n.3. The Court need not accept legal conclusions that are presented as

factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or

arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir.

2000).

### III.   Discussion

A party alleging breach of contract under Virginia law must establish that the

defendant owed the plaintiff a legally enforceable obligation, the defendant violated that

obligation, and the plaintiff suffered injury or damage as a result of the defendant's

4

breach. *See Filak v. George*, 594 S.E. 2d 610, 619 (Va. 2004).  In this case, SunTrust

alleges that it was required to indemnify Fannie Mae upon being notified that the loan

applications submitted by Taylor Morrison misrepresented the borrowers' financial

situations or the occupancy or condition of the property.  SunTrust claims that, as a result

of these misleading loan applications, Taylor Morrison violated Paragraph 9, which

concerns the accuracy of the loan applications.

Specifically, SunTrust alleges that Taylor Morrison breached the following

warranties and representations:

> 9.5    Accuracy of Application and Related Documentation.  All
> information contained in each Application, and the Loan Application
> Package and other documentation submitted to Lender in connection with
> the Mortgage Loan, including all signatures thereon, is genuine, complete
> and accurate; no such documentation has been in any manner changed or
> modified after its execution; no fraudulent or misleading information
> (including, without limitation, any information obtained from or concerning
> the Borrower or the Secured Property, any credit report regarding the
> Borrower, or any appraisal report regarding the Secured Property) has been
> provided to Lender in connection with the Mortgage Loan; **Broker is not
> aware** of any information that would contradict or render inaccurate any
> documentation submitted to Lender in connection with the Mortgage Loan;
> and **Broker is not aware** of any omissions in the Application, Loan
> Application Package or other documentation submitted to Lender in
> connection with the Mortgage Loan that would render the same incomplete
> or inaccurate.  Each Applicant and Borrower is alive, is of majority age or
> older and has the legal capacity to apply for and enter into a Mortgage
> Loan.

> 9.6    Acceptable Investment.  There are no circumstances or conditions
> with respect to the Mortgage Loan, the Secured Property, the Borrower, or
> the Borrower's credit standing that can reasonably be expected to: (a) cause
> private institutional investors to regard the Mortgage Loan as an
> unacceptable investment; or (b) cause the Mortgage Loan to become
> Delinquent; or (c) adversely affect the Mortgage Loan's value or
> marketability.

(Compl. Ex. 1 ¶¶ 9.5-9.6, ECF No. 1) (emphasis added).  SunTrust further alleges that Taylor Morrison failed to indemnify SunTrust when requested to do so with respect to each of the loans, thus breaching Paragraph 15, in which Taylor Morrison agreed to indemnify SunTrust in certain circumstances.  SunTrust claims that it has consequently suffered damages in the amount of $3,111,804.57 for Count One and $20,342.92 for Count Two.

Taylor Morrison advances four arguments in support of its assertion that these allegations do not sufficiently state a claim for which relief can be granted: (1) the Agreement imposes liability on Taylor Morrison for submitting fraudulent or misleading loan application materials only when Taylor Morrison is aware that the materials contain fraudulent information, (2) the parties did not agree that Taylor Morrison would indemnify SunTrust against its own negligence in underwriting and approving the loans, (3) borrower fraud is a circumstance beyond Taylor Morrison's reasonable control, and thus, Taylor Morrison is exempt from liability, and (4) the indemnification claims are barred by the Virginia five-year statute of limitations for written contracts.   The Court addresses these arguments concerning the sufficiency of SunTrust's allegations in turn.

Firstly, Taylor Morrison moves to dismiss because SunTrust does not allege that Taylor Morrison was aware of any fraudulent information when it submitted the loan applications.  Taylor Morrison argues that each word in the contract should be given effect, and since the words "Broker is not aware" in Paragraph 9.5 follow the more general warranties also included in Paragraph 9.5, Taylor Morrison contends that the general warranties are limited by these specific words pursuant to the canon of *noscitur a*

6

*sociis. See Cape Henry Towers, Inc. v. Nat'l Gypsum Co.*, 331 S.E.2d 476, 481 (Va.

1985) (*noscitur a sociis* holds that when general and specific words are grouped together,

the general words should be construed to be limited by the specific words).  In essence,

Taylor Morrison contends that because Paragraph 9.5 excuses liability when the Broker is

unaware of additional contradictory information or omissions that render the submitted

application incomplete or inaccurate, Paragraph 9.5 thus also precludes liability if the

submitted application itself contains fraudulent information unbeknownst to the Broker.

However, Taylor Morrison's reading is counter to the plain language of Paragraph

9.5, in which Taylor Morrison warrants that "no fraudulent or misleading information . . .

has been provided to Lender in connection with the Mortgage Loan."   (Compl. Ex. 1 ¶

9.5, ECF No. 1.)   This warranty that SunTrust has not been provided with fraudulent or

misleading information lacks any requirement that Taylor Morrison be aware of the flaws

in the information.  The fact that Paragraph 9.5 is titled "Accuracy of Application and

Related Documentation" reflects that this paragraph was designed to ensure that SunTrust

could rely on accurate loan application materials in deciding whether to approve each

loan, not that the parties were only concerned when such fraudulent information was

willfully submitted to SunTrust.  Further, Paragraph 9.6 also plainly warrants that there

are no circumstances involving the loan, property, borrower, or borrower's credit

standing that can reasonably be expected to render the loan an unacceptable investment.

Even if the Court were persuaded by Taylor Morrison's reading of Paragraph 9.5, none of

the limiting language regarding the Broker's awareness appears anywhere in Paragraph

9.6.  Accordingly, the Court declines to read into the plain language of Paragraph 9 a

7

requirement that Taylor Morrison be aware of fraudulent information contained in the loan materials in order to be liable for breach.

Similarly, Taylor Morrison argues that SunTrust fails to state a claim for indemnification under Paragraph 15 because SunTrust does not allege that Taylor Morrison was aware of the problems with the loan application materials. Taylor Morrison relies on the canon of *ejusdem generis*, which provides that when general words follow specific words enumerating a class of objects, the meaning of the general language is limited to objects similar in nature to those described by the specific language. *See Cape Henry Towers, Inc.*, 331 S.E.2d at 481; *Whigham v. Chase Auto Fin. Corp.*, 826 F.Supp.2d 914, 919 (E.D. Va. 2011). In Paragraph 15, Taylor Morrison agrees to indemnify SunTrust in five specific circumstances, the second of which is when the Broker's failure to disclose information renders a representation or warranty made under the Agreement inaccurate or misleading. Taylor Morrison argues that the words "failure by Broker to disclose" require that the Broker be aware of misleading or inaccurate information, asserting that one must possess knowledge in order to "fail to disclose" such knowledge. Taylor Morrison thus concludes that an awareness requirement in the second circumstance also governs the remaining three circumstances, which include indemnification of claims arising from "any materially inaccurate, incomplete, false, or misleading information provided by or through Broker to Lender." (Compl. Ex. 1 ¶ 15, ECF No. 1.) However, Taylor Morrison imagines an awareness requirement where it does not exist in the plain language of Paragraph 15. While one must be aware of information in order to disclose it, one need not be aware in order to *fail* to disclose

8

information.  Taylor Morrison offers no other support for this interpretation, thus this

argument that SunTrust has failed to state a claim also fails.

Secondly, Taylor Morrison argues that because SunTrust was responsible for

underwriting and approving each loan in its sole discretion, SunTrust is accountable for

any failures of the loans to comply with the program requirements.  Accordingly, Taylor

Morrison argues that SunTrust cannot seek indemnification for its own negligence under

Virginia law without an express provision indemnifying SunTrust against its own

negligence. *See Daniel Constr. Co. v. Welch Contracting Corp.*, 335 F. Supp. 303, 305

(E.D. Va. 1971) ("there is much support for the principle that a contractual provision

should not be construed to permit an indemnitee to recover for his own negligence, unless

the court is firmly convinced that such an interpretation reflects the intention of the

parties.")  However, Taylor Morrison does not cite a single factual allegation from the

Complaint in support of its claim that SunTrust acted negligently in underwriting and

approving the loans.  Viewing the alleged facts in the light most favorable to SunTrust, as

required, the Court does not accept Taylor Morrison's unsupported conclusion that any

flaws in the loans at issue are a result of a negligent underwriting and approval process.

Thirdly, Taylor Morrison argues that Paragraph 28, which excuses the parties from

liability for failures or delays resulting from circumstances beyond the parties' reasonable

control, precludes its liability for losses suffered due to intentional borrower fraud.

Taylor Morrison contends that borrower fraud is a circumstance beyond the Broker's

control and falls within the scope of circumstances contemplated by Paragraph 28, which

includes "without limitation, acts of any governmental body, war, insurrection, sabotage,

9

embargo, fire, flood, strike or other labor disturbance, interruption of or delay in transportation." (Compl. Ex. 1 ¶ 28, ECF No. 1.)  However, the words "without limitation" cannot be read literally to mean that any circumstance whatsoever could be considered beyond the parties' control, but rather only those circumstances similar to the wide-scale political or economic events or acts of God specified in Paragraph 28. Applying the *ejusdem generis* interpretive canon, it is clear that intentional borrower fraud bears no similarity to the class of circumstances enumerated in Paragraph 28, and thus, Taylor Morrison's argument that Paragraph 28 excuses it from liability must fail. *See Wheeling Valley Coal Corp. et al v. Mead*, 186 F.2d 219, 222 (4th Cir. 1950) ("Under familiar principles of interpretation, the general expressions 'acts of the government' and 'causes beyond the control of the lessee' are limited to things of the same general sort as those specifically set forth in the same connection.")

Lastly, Taylor Morrison contends that each of SunTrust's claims under Count One is barred by the five-year statute of limitations in Virginia on actions arising from written contracts. *See* Va. Code Ann. § 8.01-246(2). Taylor Morrison argues that SunTrust's claims accrued at the time that the loans were brokered to SunTrust, and that none of the loans listed in Count One were brokered within five (5) years of the filing of this action. However, under Virginia law, a cause of action for indemnification does not accrue until the party seeking indemnification has suffered a loss. Va. Code Ann. § 8.01-249(5) (the cause of action is deemed to accrue "in actions for contribution or for indemnification, when the contributee or the indemnitee has paid or discharged the obligation.") *See also Lone Mt. Processing, Inc. v. Bowser-Morner, Inc.*, 94 Fed. App'x. 149, 157 (4th Cir.

2004) ("Virginia Code section 8.01-230 explicitly excludes claims under 8.01-249 from

the general statute of limitations accrual date for contracts.")  As such, the five-year

limitations period for indemnification claims for the loans listed in Count One began to

accrue on the date that SunTrust paid Fannie Mae or its agents in order to indemnify

Fannie Mae for its losses.  As SunTrust has alleged, SunTrust paid Fannie Mae to

compensate for Fannie Mae's losses on each of these loans during the time period from

June 16, 2009 to March 3, 2012.  (*See* Compl.¶¶ 20, 29, 38, 48, 57, 66, 75, 84, 93, 102,

111, 121, 130, 139, 149, 158, ECF No. 1.)  Since SunTrust filed its Complaint against

Taylor Morrison on July 9, 2012,[2] none of its claims for indemnification in Count One

are time barred, as each accrued on or after July 9, 2007.  For the above reasons, the

Court is satisfied that SunTrust has sufficiently stated a claim upon which relief can be

granted.

### IV.   Conclusion

For these reasons, the Court DENIES Defendant's Motion to Dismiss.

An appropriate ORDER shall issue.

/s/

Henry E. Hudson
United States District Judge

Dated: *Nov. 28, 2012*
Richmond, Virginia

---

[2] Taylor Morrison erroneously represents that SunTrust filed this action on June 28, 2007. (*See* Def.'s Mem. Supp. Mot. Dismiss 13, ECF No. 6.)